COPY

1  Andrew R. Stern, Esq. (SBN 78318)
   andystern1000@gmail.com
2  31659 Sea Level Dr.
   Malibu, California 90265
3  Telephone: (310) 457-1723
   Fax: (310) 457-6304
4
   Attorney for Plaintiff
5

FILED
2009 OCT 23  AM 10: 43

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  ALEXANDER STERN,                    )  CASE NO.:
                                        )  CV09-7710   PA   (FFM)
12              Plaintiff,              )
                                        )  COMPLAINT FOR DAMAGES,
13  v.                                  )  DECLARATORY AND INJUNCTIVE
                                        )  RELIEF
14  SONY CORPORATION OF                 )
    AMERICA,                            )  DEMAND FOR JURY TRIAL
15  SONY COMPUTER                       )
    ENTERTAINMENT AMERICA,              )
16  INC.,                               )
    SONY ONLINE                         )
17  ENTERTAINMENT LLC, and              )
    DOES 1 through 10  inclusive,       )
18                                      )
                Defendants.             )
19

20      Plaintiff complains of Defendant and alleges herein as follows:

21                        **JURISDICTION**

22

23  1.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.

24      § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the

25

26      Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

27

28

-1-
COMPLAINT

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claim under the California Unruh Civil Rights Act (California Civil Code §§ 51, et seq.).

## **INTRODUCTION**

3. This action seeks to redress and put an end to systemic civil rights violations committed by Defendants Sony Corporation of America, Sony Computer Entertainment America, Inc., Sony Online Entertainment LLC, and DOES 1 through 100 inclusive, (hereinafter collectively referred to as "Sony") against Plaintiff. Throughout the United States, Sony is denying persons with disabilities (including but not limited to Plaintiff) equal access to the goods and services Sony provides to its non-disabled customers through each and all of Sony's computer game software products and each and every upgrade, sequel, so-called "patch", and so-called "expansion" for same (hereinafter collectively referred to as the "Products"). The virtual and interactive environments of the Products constitute a substantial segment of the growing recreational, therapeutic, entertainment, financial, social and informational software industry (hereinafter, collectively referred to as the "Gaming Platforms"). Although Plaintiff has sent postal mail addressed to the president of Defendant Sony Online Entertainment LLC and has sent multiple electronic mails requesting reasonable modifications to the Products, Sony

has refused to reply to Plaintiff. Sony has made no attempt to grant said

reasonable modification requests or engage in any interactive process

whatsoever with Plaintiff to explore removal of access barriers for plaintiff

and other people with disabilities with respect to the Products. When Plaintiff

attempted to discuss proposed modifications through the appropriate Sony

designee, as indicated by Sony, the representative stated Sony would not offer

any modifications whatsoever for persons with disabilities. Said

representative refused to engage in an interactive process relating to proposed

modifications and refused to provide any alternative means or personnel for

Plaintiff to use or contact to attempt same. Sony thus excluded and continues

to exclude Plaintiff from full and equal participation in the Gaming Platforms.

## **VENUE**

4.  Venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391(b)-(c).

5.  Sony is registered to do business in California and has been doing business in

California, including the Central District of California. It is subject to

personal jurisdiction in this District. Defendant also has been and is

committing the acts alleged herein in the Central District of California, has

been and is violating the rights of Plaintiff in the Central District of

California, and has been and is causing injury to Plaintiff in the Central

District of California. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Central District of California.

6. Plaintiff is a California citizen and resides in the Central District of California. He has experienced injury in this District as a result of Sony's inaccessible Products and willful refusal to engage in any effort to render same accessible.

## PARTIES

7. Plaintiff is an individual with multiple learning disabilities. He has been denied the full use and enjoyment of the Products. Plaintiff is a resident of Los Angeles County.

8. Defendant Sony Corporation of America is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 550 Madison Avenue, New York, New York 10022. Sony Corporation of America may be served with process by serving its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange, Street, Wilmington, Delaware 19801.

9. Defendant Sony Computer Entertainment America Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 919 East Hillsdale Boulevard, Second Floor, Legal Department, Foster City, California 94404. Sony Computer

Entertainment America Inc. may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

10. Defendant Sony Online Entertainment LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 8928 Terman Court, San Diego, California 92121. Sony Online Entertainment LLC may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc., at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

11. The Products provide the public with recreational, therapeutic, entertainment, financial, social and informational opportunities. Many of the Products require monthly fees which fund constant upgrades and the facilitation of communicating and associating with a network of fellow users of the Products. The Products are sold in physical form in many stores across California as well as over the Internet. Plaintiff seeks full and equal access to the goods and services provided by Sony through the Products.

12. Plaintiff does not presently know the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive. Plaintiff will seek leave of court to amend this complaint to allege said Defendants' true names and capacities as soon as Plaintiff ascertains them.

## FACTS

13. Sony develops, operates and sells the Products.

14. The Products are goods, services, facilities, privileges, advantages, or accommodations offered to the public by Sony.

15. Through contractual, licensing, or other arrangements, the Products are offered throughout California and the United States in so-called brick and mortar and Internet retail establishments which are public accommodations (hereinafter "Stores").

16. Sony manages events across the United States based on and in connection with some or all of the Products (hereinafter "Events").

17. Events are public accommodations.

18. Participation in Events affects the benefits and content comprising some of the Products.

19. This complaint arises out of Sony's policy and practice of denying the disabled access to the Products. Due to Sony's failure and refusal to remove disability-related access barriers to the Products Plaintiff has been and continues to be denied equal access to the Products.

20. Sony has failed to so much as reply to Plaintiff's postal mail and electronic mail and has completely disregarded Plaintiff's multiple requests for Sony to

participate in an interactive process with Plaintiff to attempt to facilitate reasonable modifications to the Products.

21. Sony has no process in place to address the removal of barriers for persons with disabilities.

22. The sole generic user communication process provided by Sony through which anyone, disabled or non-disabled, could attempt to request or suggest any kind of modification or otherwise address any type of user issues concerning the Products requires the individual(s) to accept a contract waiving his or her rights to a trial by jury and requiring mandatory binding arbitration, a change in venue as well as other similarly onerous provisions and which otherwise constitutes a contract of adhesion. Plaintiff has not undertaken to use this generic process because he does not wish to forgo his constitutional right to a trial by jury for the sole purpose of helping Sony come into compliance with applicable law.

23. Sony denies persons with visual disabilities, including Plaintiff, access to the Products by preventing them from freely navigating the Gaming Platforms.

24. The distribution of Interactive virtual games over the Internet has become a multi-billion dollar industry. Game products can cost as much as $60 for the original cd-rom package and related subscription fees are collected indefinitely thereafter for typically $15.00 per subscriber per month.

Upgrades, sequels, and so-called "expansions" also cost as much as $60 per cd-rom package.

25. Persons with disabilities impairing visual processing, including Plaintiff, can navigate complex virtual environments with the assistance of visual cues that point the user in the direction of the desired destination (hereinafter "Visual Cues").

26. The most successful game product in the virtual game world industry, World of Warcraft by Vivendi, supports access by people disabled by visual and/or visual processing impairments by providing Visual Cues through several simple third party modifications released free of charge by hobbyists and promoted by Vivendi as disability aids.

27. Many companies whose resources pale in comparison with Sony's have successfully implemented a wide array of accessibility features into their game products. One such example of games with superior accessibility is Pin Interactive's game product called Terraformers. Terraformers has accessibility functionality such as:

A) A mechanism similar to a Global Positioning System (GPS) which provides a description of the area the player is currently in. A high contrast 3D mode is available for game-users with reduced vision. One mechanism uses sound to provide the position of the closest object in the area the player's character is oriented toward. Voice feedback identifies the type of object;

B) A "sound compass" indicates the direction that the player's character is facing at any time within the game. Furthermore, the player can use a numeric keypad to change the character's direction; and

C) The virtual items a player has collected within the game can be narrated with voiced feedback and sound effects. There are other types of accessible feedback mechanisms available as the player performs other activities.

28. As a result of Sony's willful refusal to provide Visual Cues in the Products, Plaintiff is unable to fully enjoy the vast amounts of content comprising the Products, by virtue of being unable to locate friends, characters and items across the Gaming Platforms.

29. The Products rival traditional sports games as mechanisms by which youth and adults alike can build and maintain self-esteem, relationships, interpersonal skills, collaborative skills and leadership skills.

30. A survey conducted by Information Solutions Group on behalf of PopCap Games and published through Reuters in June 2008 indicates that "compared to the casual gamer population as a whole (which industry estimates peg at 300 million to 400 million players worldwide), those with disabilities play more frequently, for more hours per week, and for longer periods of time per gaming session. They also report that they experience more significant

benefits from playing and view their game-playing activity as a more important factor in their lives than do non-disabled consumers."

31. Using the Products can generate substantial financial rewards for the user(s).

32. Sony offers an auction service whereby participants can buy and sell virtual items used in the Gaming Platforms with real world currency. Auctioned virtual items can be worth thousands of U.S. dollars.

33. Due to the inaccessibility of the Products, disabled Sony customers, and those who would otherwise be customers but for the access barriers, experience direct economic and non-economic losses.

34. The Products thus contain disabled accessibility barriers which Sony has willfully refused to address despite Plaintiff's multiple requests to do so, thereby denying full and equal access to Plaintiff, who would otherwise use the Products and who would otherwise be able to fully and equally enjoy the benefits and services of same.

## **FIRST CAUSE OF ACTION**

(Violation of California Civil Code §§ 51, et seq. – the Unruh Civil Rights Act)

35. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

36. California Civil Code §§ 51, et seq. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges and services of all business establishments of any kind whatsoever. Sony is systematically violating the Unruh Civil Rights Act, California Civil Code §§ 51, et seq.

37. Sony is a "business establishment" within the meaning of California Civil Code §§ 51, et seq. Sony generates billions of dollars in revenue in California. The Products are goods, services, facilities, privileges, advantages, or accommodations provided by Sony and the Stores which are inaccessible to Plaintiff. Sony is violating the Unruh Civil Rights Act, California Civil Code §§ 51, et seq., in that Sony is denying Plaintiff any modification or communication whatsoever to afford him accessibility to the Products. These violations are ongoing.

38. Sony's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, California Civil Code §§51 et seq., in that: Sony has constructed the Products in a way that is inaccessible to Plaintiff; maintains the Products in this inaccessible form; and has failed to take any action whatsoever to correct these barriers even after being repeatedly notified of the discrimination that such barriers cause.

39. Sony is also violating the Unruh Civil Rights Act, California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §§ 12101, et seq., as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

40. The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, et seq., and therefore Plaintiff is entitled to injunctive relief remedying the discrimination.

41. Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

42. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, et seq. – Title III of the Americans with Disabilities Act)

43. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

44. Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

45. Section 302(b)(i) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., provides:

It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

46. Section 302(b)(ii) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., provides:

It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

47. The Stores are sales establishments and public accommodations within the definition of Title III of the ADA. 42 U.S.C. §§12181(7)(E). The Products are goods, services, facilities, privileges, advantages, or accommodations of the Stores.

48. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

49. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

50. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and

a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

51. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., and the regulations promulgated thereunder. Patrons of the Stores who are disabled have been denied full and equal access to the Products, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons. Sony has failed to take any steps whatsoever to remedy its discriminatory conduct against Plaintiff. These violations are ongoing.

WHEREFORE, Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

## THIRD CAUSE OF ACTION

(Declaratory Relief)

52. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

53. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Sony denies, that the Products, which Sony owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. and the Unruh Civil Rights Act, California Civil Code §§ 51, et seq. prohibiting discrimination against the disabled.

54. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff prays for judgment as follows:

1. A preliminary and permanent injunction to prohibit Sony from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. and California Civil Code §§ 51, et seq.;

2. A preliminary and permanent injunction requiring Sony to take the steps necessary to make the Products readily accessible to and usable by Plaintiff;

3.  A declaration that Sony is owning, maintaining and/or operating the Products in a manner which discriminates against the disabled and which fails to provide access for persons with disabilities as required by law;

4.  Damages in an amount to be determined by proof, including but not limited to all applicable statutory damages;

5.  For exemplary and punitive damages in an amount to be determined by proof;

6.  Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by law;

7.  For pre-judgment interest to the extent permitted by law; and

8.  Such other and further relief as the Court deems just and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure, Rule 38(b), Plaintiff demands a jury trial of all triable issues.

DATE: October 16, 2009

BY: _____

ANDREW R. STERN
Attorney for Plaintiff ALEXANDER
STERN

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09- 7710 PA (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Andrew R. Stern
31659 Sea Level Dr.
Malibu, CA 90265

**COPY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ALEXANDER STERN

PLAINTIFF(S)

v.

SONY CORPORATION OF AMERICA, SONY
COMPUTER ENTERTAINMENT AMERICA, INC.,
SONY ONLINE ENTERTAINMENT LLC,
DOES 1 through 10 , inclusive,    DEFENDANT(S).

CASE NUMBER

**CV09-7710 PA (FFMx)**

**SUMMONS**

TO:  DEFENDANT(S): SONY CORPORATION OF AMERICA, SONY COMPUTER
ENTERTAINMENT AMERICA, INC., SONY ONLINE ENTERTAINMENT LLC

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Andrew R. Stern _____ , whose address is 31659 Sea Level Dr., Malibu, CA 90265 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  2 3 OCT 2009 _____

By:  **SHEA BOURGEOIS** _____

Deputy Clerk

(Seal of the Court)

*SEAL*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*


COPY

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Stern, Alexander, L | **DEFENDANTS** <br> SONY CORPORATION OF AMERICA, <br> SONY COMPUTER ENTERTAINMENT AMERICA, INC., <br> SONY ONLINE ENTERTAINMENT LLC, <br><br> and DOES 1 through 100 inclusive, |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Andrew R. Stern <br> 31659 Sea Level Dr.,  Malibu, CA 90265 <br> Phone: (310) 457-1723 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §§ 12101, et seq., Discrimination on the basis of disability

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights <br> ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo |
| | San Diego |
| | New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date October 22, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |