SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7710 PA (FFMx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Alexander Stern v. Sony Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

    Before the Court is a Motion to Dismiss filed by defendants Sony Corporation of America, Sony Computer Entertainment America Inc., and Sony On-Line Entertainment LLC (collectively "Sony") (Docket No. 5). Sony challenges the sufficiency of the Complaint filed by plaintiff Alexander Stern ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 8, 2010, is vacated, and the matter taken off calendar.

    Plaintiff alleges that he is an individual with multiple learning disabilities. These learning disabilities impair Plaintiff's visual processing abilities.[1] According to Plaintiff, his visual processing impairments prevent him from fully enjoying the video games manufactured by Sony, some of which are played on gaming systems with internet connections through which players in different locations can communicate and play with or against one another. Plaintiff's visual processing impairment makes it difficult for him to "locate friends, characters and items" within Sony's video games. As a result, Plaintiff has not acquired the items some players of video games amass through their play. Successful players can sell these items through an auction service operated by Sony in which "participants can buy and sell virtual items used in the [games] with real world currency." Nor has Plaintiff progressed as far or as successfully in the video games to provide him with sufficient knowledge of the games to meaningfully interact with fellow video game enthusiasts at the conventions and other events Sony organizes to promote the video games.

---

    [1]    Plaintiff's Complaint does not allege sufficient facts indicating that his learning disabilities "substantially limit" a "major life activity" to qualify as an individual with a "disability" as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102. In his Opposition to Sony's Motion, however, Plaintiff provides additional facts supporting his standing to pursue his ADA claim. Although these facts should have been alleged in the Complaint, the Court will not dismiss Plaintiff's claims for lack of standing.

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7710 PA (FFMx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Alexander Stern v. Sony Corp., et al. | | |

      According to Plaintiff, he has repeatedly requested that Sony modify its products to allow Plaintiff to fully enjoy the video games it manufactures.  Plaintiff alleges that Sony has refused to accommodate his disability by modifying the video games as some other video game manufacturers have to provide visual and auditory cues that would aid his ability to play Sony's video games.  Plaintiff's Complaint alleges that Sony's refusal to accommodate his disability is a violation of Title III of the ADA, 42 U.S.C. § 12182, and California's Unruh Civil Rights Act, California Civil Code section 51.  The Complaint contains claims for violations of the ADA, the Unruh Act, and for a declaratory judgment that Sony's products violate the civil rights of individuals with disabilities in violation of the ADA and Unruh Act.

      Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

      However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7710 PA (FFMx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Alexander Stern v. Sony Corp., et al. | | |

conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

     Title III of the ADA prevents discrimination against the disabled in places of public accommodation:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation.

42 U.S.C. § 12182(a). "To ensure that the disabled have full and equal enjoyment of the goods and services of places of public accommodation, the ADA requires 'reasonable modification' of 'policies, practices, and procedures,' the provision of auxiliary aids to ensure effective communication with the disabled, and the removal of architectural barriers." Nat'l Fed'n of the Blind v. Target Corp., 452 F. Supp. 2d 946, 951 (N.D. Cal. 2006). According to the Ninth Circuit, to prevail on an ADA Title III discrimination claim, "the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

     For purposes of Title III, the Ninth Circuit has interpreted "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000). Therefore, to the extent Plaintiff is suing Sony as a manufacturer of video games, and the provider of online services, Sony is not a "place of public accommodation" and is therefore not liable for violating Title III of the ADA:

> Title III prohibits discrimination in the enjoyment of "the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." The ordinary meaning of this language is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services, just nondiscriminatory enjoyment of those that are provided. Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print.

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7710 PA (FFMx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Alexander Stern v. Sony Corp., et al. | | |

Id. at 1115 (citing Ford v. Schering-Plough Corp., 145 F.3d 601, 613 (3d Cir. 1998)); see also 28 C.F.R. § 36.307(a) ("This part does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities.").

      Plaintiff attempts to transform his claim against Sony, as the manufacturer of products, into an action against a "place of public accommodation," and thereby provide the required "nexus" between Sony's products and an actual physical place, by alleging that the particular visual processing problems that prevent Plaintiff from fully enjoying those goods and services, also deprive him of full enjoyment of the conventions Sony organizes in connection with its video games. Importantly, however, Plaintiff does not contend that he has ever been denied access to these conventions. Instead, as Plaintiff states in his Opposition to Sony's Motion, he has been "deterred from attending Events as the primary privileges of the Events require familiarity with the Products which has been denied to [Plaintiff]." (Opp'n 5:2-5.) As Plaintiff admits, the only barrier to the place of public accommodation is the difficulties Plaintiff experiences while playing the video games. But unlike Rendon v. Valleycrest Prods., Ltd., 294 F.3d 1279 (11th Cir. 2002), a case upon which Plaintiff principally relies, there is no allegation, let alone a plausible one, that Sony is using the video games to "screen out" individuals with a disabilities from "fully and equally enjoying" the conventions it hosts. 42 U.S.C. § 12182(b)(2)(A)(i). Nor has the alleged inaccessibility of Sony's products denied Plaintiff access to the conventions in a similar manner as the inaccessible website in Nat'l Fed'n of the Blind was alleged to have deprived the visually impaired full and equal access to Target's physical stores. See Nat'l Fed'n of the Blind, 452 F. Supp. 2d at 955.

      Finally, Plaintiff contends that Sony must modify its products under the ADA's requirement that places of public accommodation make "auxiliary aids and services" available. Specifically, Title III defines "discrimination" to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . ." 42 U.S.C. § 12182(b)(2)(A)(iii); see also 28 U.S.C. § 36.303. The problem with Plaintiff's assertion is that he does not seek an auxiliary aid or service to foster effective communication at a place of public accommodation such as Sony's conventions, or to take full advantage of the goods, services, and privileges available at the conventions, but to fully enjoy the video games, which as the Court has already concluded, are not sufficiently connected to a place of public accommodation. To hold otherwise would create potential liability under the ADA for manufacturers of all manner of products if those manufacturers failed to make available auxiliary aids allowing the entire panoply of individuals with disabilities the full enjoyment of their products.

      The Court therefore concludes that Plaintiff has failed to state a claim against Sony for violations of Title III of the ADA. Because Plaintiff has not indicated how he could amend his ADA claim to cure what the Court concludes is a legally deficient theory of liability, the Court dismisses Plaintiff's ADA

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7710 PA (FFMx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Alexander Stern v. Sony Corp., et al. | | |

claim with prejudice. To the extent Plaintiff's claim for declaratory relief is premised on violations of the ADA, that claim is also deficient and therefore dismissed with prejudice.

      The only remaining claims are those brought pursuant to the Unruh Act and for declaratory relief based on violations of the Unruh Act. The Court possesses only supplemental jurisdiction over these remaining state law claims pursuant to 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994). Thus, the Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

      The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims because the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court therefore dismisses Plaintiff's state law claims without prejudice. See 28 U.S.C. § 1367(d).

      For all of the foregoing reasons, the Court grants Sony's Motion to Dismiss as to Plaintiff's federal claims. Those claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Those claims are dismissed without prejudice.

      IT IS SO ORDERED.